**UNITED STATES of America, Appellee**

v.

**Dynel Orlando JACKSON, Appellant.**

No. 04–3160.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 20, 2005.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Antoini M. Jones, Gibson, Jones & Osfley, Riverdale, MD, for Appellant.

Before HENDERSON and GARLAND, Circuit Judges, SILBERMAN, Senior Circuit Judge.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel pursuant to Rule 34(j) of the Circuit Rules of the U.S. Court of Appeals for the District of Columbia Circuit. Jackson was charged with possession of drugs with intent to distribute after police searched his vehicle pursuant to an arrest for reckless driving. We find Jackson's claim that the FBI agents lacked probable cause to believe he had driven recklessly in violation of D.C.Code § 50–2201.04(b) because they did not know the exact speed of his vehicle is without merit. The statute defines the offense as driving "carelessly and heedlessly in willful or wanton disregard of the rights—or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." *Id.* The officers testified to having observed Jackson fail to stop at a stop sign, fail to signal when turning and swerve to avoid oncoming traffic in an alley. These observations are sufficient to justify the initial stop. Further, the smell of burnt marijuana emanating from the vehicle provided probable cause to justify the agents' search of the vehicle Jackson was driving.

Jackson's claim that the FBI agents lacked statutory authority to execute an arrest for a non-federal offense is likewise unavailing. The D.C.Code authorizes a "law enforcement officer" to arrest without a warrant any individual whom he "has probable cause to believe has committed ... an offense in his presence." D.C.Code § 23–581(a)(1)(B). The statute defines a "law enforcement officer" to include "an investigative officer or agent of the United States." *Id.* § 23–501(2). We have previously affirmed a district court's ruling that a United States Deputy Marshal constituted a "law enforcement officer" under section 23–501(2) and was authorized by section 23–581(a)(1)(B) to make a misdemeanor arrest. *Lucas v. United States,* 590 F.2d 356 (D.C.Cir.1979) (unpublished decision) *affirming Lucas v. United States,* 443 F.Supp. 539 (D.D.C. 1977). The FBI agents personally witnessed Jackson's violations of D.C.Code § 50–2201.04(b) and he does not-nor can he-make a plausible argument that an FBI agent does not constitute an "investigative officer or agent of the United States." *Id.* § 23–501(2). We need not reach the question whether evidence obtained by an officer making an arrest without statutory authority should be suppressed under the Fourth Amendment. Accordingly, it is

ORDERED that the judgment from which this appeal has been taken be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.